**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-02219-002-TUC-RM (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Isaac Peraza, et al., | |
| Defendants. | |

On September 13, 2021, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") (Doc. 133), recommending that this Court deny Defendants' Motion to Suppress Testimonial Post-Arrest Interviews of Released Material Witnesses (Doc. 69) and Motion to Preclude Statements of Material Witnesses (Doc. 79) (*see also* Docs 82, 83). Defendant Jacarah Gonzalez filed an Objection (Doc. 134) to which Defendant Isaac Peraza joined (Doc. 135). Defendant John Vigh also filed an Objection. (Doc. 136.) The Government responded. (Doc. 148.) Defendant Gonzalez filed a Reply to the Government's Response.[1] (Doc. 154.)

. . . .

. . . .

---

[1] The R&R specifies that "[n]o reply brief shall be filed on objections unless leave is granted by the District Court." (Doc. 133 at 7.) Because Defendant Gonzalez did not obtain leave of this Court to file her Reply (Doc. 154), the Court will not consider it.

### I. Background[2]

Defendants were charged with conspiracy to transport illegal aliens for profit and transportation of illegal aliens for profit between May 8, 2020 and September 9, 2020. (Doc. 8.) Defendants contend that, on the dates they allegedly transported illegal aliens, they were each stopped and then released. Border Patrol agents questioned the material witnesses—who, during a consent search, were found in the trunk of one of the Defendant's vehicles—then released them without conducting depositions. (*See* Doc. 77 at 1-2.)[3] The material witnesses then voluntarily departed or were removed from the United States without Defendants having an opportunity to depose or question them. The Border Patrol agents who questioned the material witnesses created I-213 forms for each witness. They also created a Notice to Alien Ordered Removed/Departure Verification and Notice and Order of Expedited Removal for each alien material witness who was removed or voluntarily departed.

In their Motions to Suppress, Defendants challenge the admission of the I-213 form, Notice to Alien Ordered Removed/Departure Verification, and Notice and Order of Expedited Removal for each material witness who was removed or voluntarily departed. Defendants argue that the admission of these documents violates the Confrontation Clause of the Sixth Amendment and the rule against hearsay. The Government has stated that it does not intend to use the material witnesses' post-arrest statements in its case-in-chief and will prove the witnesses' immigration status "through documents or lack thereof, databases, and A-files." (*See* Doc. 77 at 2.) The Government has further stated that it will redact the I-213 and other forms in accordance with *United States v. Torralba-Mendia*, 784 F.3d 652 (9th Cir. 2015). (Doc. 148 at 2.)

The R&R recommends finding, based on *Torralba-Mendia*, that the I-213 forms and other immigration forms, if redacted as proposed by the Government, do not contain testimonial statements and that admission of the redacted forms does not violate the

---

[2] Background facts are taken from the R&R (Doc. 133) unless otherwise noted. No party objected to the R&R's recitation of the factual background.
[3] All record citations refer to the page numbers generated by the Court's electronic filing system.

- 2 -

Confrontation Clause. (Doc. 133 at 4.) Accordingly, the R&R recommends denying Defendants' Motions. (*Id.* at 5.)

In their Objections to the R&R, Defendants argue that the I-213 forms were created in anticipation of litigation and therefore their admission violates the Confrontation Clause of the Sixth Amendment. (Doc 134 at 7-9; Doc. 136 at 1-2.) In support of this argument, Defendants contend that the Government's intent in preparing the forms was linked to its decision to "make the witnesses unavailable" to testify at trial and that this means that the forms were prepared in anticipation of litigation. (Doc. 136 at 1-2.) Defendants further argue that admitting the I-213 and other forms would effectively grant the Government a free pass in proving the material witnesses' alienage because (1) the Defendants were not parties in the material witnesses' expedited removal proceedings and thus the determination of the witnesses' alienage was made in their absence, and (2) there is no foundation for the Notice and Orders of Expedited Removal apart from the material witnesses' sworn statements. (Doc. 134 at 5.) Defendants further argue that *Torralba-Mendia* is distinguishable from the instant case because in 2020 (in contrast to 2015, when *Torralba-Mendia* was decided), the Government "removed all of the material witnesses without first holding material witness depositions." (*Id.* at 7.) Defendants contend that because the Government was not conducting any material witness depositions between May and November 2020, and instead was only preparing I-213 forms, it was preparing the forms with the intent and plan to use those forms at trial in lieu of material witness testimony. (*Id.* at 8-9.) Defendants argue that this purported strategy renders *Torralba-Mendia* inapplicable because the holdings of that case—that (1) immigration forms showing that aliens either voluntarily returned to their country of origin or were deported are admissible under the public records exception to the hearsay rule and (2) the immigration forms are non-testimonial within the meaning of the Confrontation Clause—do not apply to the forms in this case because the forms in this case were completed in anticipation of litigation. (*Id.* at 9.) Defendants further argue that the forms contain hearsay that is not subject to an exception under the Rule 804 of the

Federal Rules of Evidence because the Government caused the witnesses' unavailability to testify at trial. (Doc. 136 at 2-3); *see* Fed. R. Evid. 804(a).

In Response, the Government argues that the I-213 forms fall within the public records exception to the rule against hearsay and are non-testimonial under the Confrontation Clause pursuant to the holding of *Torralba-Mendia*. (Doc. 148.) The Government argues that the instant case fits within this binding precedent because, just as in *Torralba-Mendia*, the material witnesses were deported without being deposed and the Government is seeking to use the I-213 forms in lieu of their testimony. (*Id.* at 2.) The Government further states that it does not intend to use material witness statements contained in the I-213 forms and will rely on the I-213 forms solely in the same manner that the *Torralba-Mendia* court approved, namely, as a "routine, objective cataloguing of an unambiguous factual matter." (*Id.* at 2 & 2 n.3); *Torralba-Mendia*, 784 F.3d at 665. The Government contends that Border Patrol agents are required to fill out I-213 forms as part of their routine job duties of verifying alienage and recording movement in and out of the United States, notwithstanding any possible prosecution of related crimes, and that the forms were thus not completed in anticipation of litigation. (*Id.* at 3-4.) The Government contends that the R&R did not err in finding that the Court is bound by *Torralba-Mendia*'s holding that the I-213 forms are non-testimonial and fall within the public records exception to the rule against hearsay. (*Id.* at 4.)

## II. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation").

. . . .

. . . .

### III. Applicable Law

Federal Rule of Evidence 803(8) sets forth the public records exception to the rule against hearsay and provides, in relevant part, that a record or statement of a public office is admissible as non-hearsay if it sets out "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel" and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). The hearsay exceptions under Rule 803, including the public records exception, apply regardless of whether the declarant is available to testify as a witness. The hearsay exceptions under Rule 804 apply only when the declarant is unavailable. A declarant is not considered to be unavailable to testify if "the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying." Fed. R. Evid. 804(a).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Torralba-Mendia*, 784 F.3d t 665; U.S. Const. amend. VI. "The Sixth Amendment . . . prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal citation and quotation omitted). A statement is within the core class of testimonial statements when it was made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Torralba-Mendia*, 784 F.3d at 665 (internal citation and quotation omitted). "[P]ublic records are normally non-testimonial because they are created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Id*. at 665-66. The Ninth Circuit Court of Appeals has "repeatedly held that immigration documents contained in an alien's A-file are non-testimonial because they are not made in anticipation of litigation, and because they are simply a routine, objective cataloging of an unambiguous factual

matter." *Id*. at 666.

The Ninth Circuit Court of Appeals has held that I–213 forms are admissible under Rule 803(8). *Torralba-Mendia*, 784 F.3d at 665. Additionally, where the forms have been redated to remove "any alien statements about their country of origin, or any admission that they were in the United States illegally . . . there is no need to determine if the aliens' statements qualify for a hearsay exception." *Id*. Furthermore, the Ninth Circuit has held that, "because [I-213] documents are not testimonial, their admission [does] not run afoul of the Confrontation Clause." *Id*. at 666.

### IV. Analysis

The Court is not persuaded by the reasoning that Defendants ask it to adopt. Essentially, Defendants argue that *Torralba-Mendia* should not apply to the I-213 and other immigration forms in this case because the Government intentionally deported the material witnesses after recording their statements in the I-213 forms and before Defendants had an opportunity to depose them, and that these circumstances cause the forms to have been prepared in anticipation of litigation. This argument fails for multiple reasons.

First, there is no evidence that the Government "wrongfully caused" the witnesses' unavailability in order to prevent them from testifying at trial. Fed. R. Evid. 804(a). Furthermore, the Government has agreed to redact all material witness statements and officer narration from the forms, and the forms themselves are, under the holding of *Torralba-Mendia*, admissible pursuant to the public-records exception to the rule against hearsay, which applies regardless of whether the declarant is available as a witness. *See* Fed. R. Evid. 803(8); *Torralba-Mendia*, 784 F.3d at 664-65.

Second, were the Court to adopt the reasoning proffered by Defendants, every I-213 form that Border Patrol agents completed without deposing material witnesses prior to their removal or voluntary departure would be inadmissible. Such a result would be untenable and contrary to the holding of *Torralba-Mendia* that such forms are, in fact, admissible as non-testimonial documents. 784 F.3d at 665-66. Lastly, Defendants have

not provided a convincing basis for distinguishing *Torralba-Mendia* from the instant case. The relevant facts and circumstances in *Torralba-Mendia* are essentially identical to those of the instant case; therefore, as Magistrate Judge Ferraro correctly concluded, the Court is bound by the precedent set forth in *Torralba-Mendia*.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 133) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Defendants' Objections (Docs. 134, 135, 136) are **overruled**.

**IT IS FURTHER ORDERED** that the Motions to Suppress (Docs. 69, 79, 82, 83) are **denied**.

Dated this 15th day of November, 2021.

_____
Honorable Rosemary Márquez
United States District Judge